## Watkins *v.* Benscoter, Appellant.

*Principal and agent—Collection of mortgage—Fraudulent representations—Embezzlement—Securing mortgage from third person —Cancellation—Fraud.*

Where an agent collected an outstanding mortgage belonging to his principal and embezzled the money and afterwards secured possession of the bond and mortgage, together with a power of attorney to satisfy the same upon representing to his principal that he would loan the money to a third person, and afterwards by fraudulent representations procured from such third person a bond and mortgage in favor of his principal to conceal the embezzlement, the principal cannot hold the latter mortgage as a valid obligation, but the loss occasioned by the embezzlement must fall upon the principal.

Argued April 15, 1919.   Appeal, No. 146, Jan. T., 1919, by defendant, from decree of C. P. Luzerne Co., Oct. T., 1917, No. 6, in equity, restraining collection of a bond and mortgage and cancelling the same in the case of Edward G. Watkins v. Ella Benscoter.   Before BROWN, C. J., MOSCHZISKER, FRAZER, SIMPSON and KEPHART, JJ.   Affirmed.

Bill in equity for an injunction to restrain the collection of a bond and mortgage and for cancellation and surrender of the same.   Before WOODWARD, J.

The chancellor found the facts as follows:

The essential facts in the case, as set forth in the pleadings, about which there is no dispute, are as follows: In 1910 Ella Benscoter, of Muhlenburg, Luzerne County, loaned $1,500 to F. J. Niemeyer and wife, on a bond and mortgage executed by the Niemeyers and delivered to her.

In 1913 Mrs. Niemeyer, her husband having died, desired to borrow $2,000 and arranged with F. W. Larned & Son to procure a loan, which the Larneds did procure on a mortgage, and appropriated $1,500 of the amount to pay off the mortgage which the Niemeyers had formerly given to Ella Benscoter.   The money was received by the Larneds on September 5, 1913, but the fact that the mortgage had been paid was not communicated to Ella Benscoter until November 19, 1913, when Lewis Larned called on Miss Benscoter with a power of attorney to satisfy the Niemeyer mortgage.   He then informed Miss Benscoter for the first time that the Niemeyer mortgage had been paid, but assured her that they could place her money on another mortgage which would be equally good, and upon which the interest would be promptly paid.   On this assurance Miss Benscoter signed the power of attorney to satisfy the Niemeyer mortgage, and delivered the mortgage itself, with the bond and insurance policies, to Lewis Larned.   The power of attorney was not recorded and the Niemeyer mortgage satisfied until February 7, 1914.

The plaintiff, E. G. Watkins, had given a mortgage to Caroline Kraft, of Philadelphia, in 1910, on his property on Laurel street in Parsons, Luzerne County, for $2,000, to secure a loan of like amount, which he had secured through the Larneds. Watkins had paid $500 on this loan, so that in December, 1913, the balance due on his mortgage was $1,500.

About the middle of December, 1913, Frank Larned told Watkins, the plaintiff, that the Kraft estate, Caroline Kraft having died and the mortgage being in the hands of her executor, wanted the mortgage paid; that he, Larned, had $1,500 in hand belonging to Miss Benscoter, which he would apply in payment of the Kraft mortgage, and had Watkins execute a new bond and mortgage for $1,500 to Miss Benscoter to secure the new loan from her, with which to pay off the Kraft mortgage. This mortgage from Watkins to Benscoter, the one in question in this case, was dated and acknowledged December 18 and recorded December 19, 1913. About a month later Watkins called at the Larned's office and was told by Frank Larned that the Kraft estate had refused to take the money in satisfaction of Watkins's mortgage, but had assigned the mortgage, which was not yet due, to a Dr. Petery, whereupon Watkins said that he had no use for Miss Benscoter's money, and Frank Larned replied that he had destroyed the bond and mortgage given by Watkins to Miss Benscoter, and returned the money.

Watkins continued to make his payments on the Kraft mortgage to the assignee, Dr. Petery, but Larned, instead of returning the $1,500 to Miss Benscoter, kept the same in his own bank account, mingled with his own funds, and paid her the interest semiannually, as it fell due, without informing her that the money had not been paid to Watkins or applied on his debt, but left her under the impression that the money had been so paid or applied, and that her mortgage from Watkins was still in force; nor could she have ascertained otherwise by an exami-

nation of the record, because the Watkins mortgage to her was still on the record, and unsatisfied.

Not until February, 1917, when the Larneds failed and went into bankruptcy, and Miss Benscoter ceased to receive the payments of interest on her Watkins mortgage, which had in the meantime been made by the Larneds to deceive her, were the true facts disclosed. She then placed the matter in the hands of her attorney, who made demand on the plaintiff, Mr. Watkins, for an installment of interest then overdue, whereupon the plaintiff brought this bill in equity to restrain the defendant from collecting on the mortgage, and to have the mortgage satisfied, and the accompanying bond canceled.

The conclusions of law announced by the court at the request of the plaintiff were as follows:

1. By executing the power of attorney to Frank W. Larned to satisfy the Niemeyer mortgage, on 19th November, 1913, and delivering same to Lewis M. Larned, together with the Niemeyer bond, mortgage, and insurance policy, Ella Benscoter placed in the hands of Frank W. Larned & Son the means and authority, to obtain the moneys due Ella Benscoter from the Niemeyers, and by virtue thereof the said Frank W. Larned & Son having obtained such moneys and embezzled the same, the loss occasioned thereby must fall on said Ella Benscoter.

That is affirmed.

2. The bond and mortgage of Edward G. Watkins, of 18th December, 1913, having been fraudulently procured by Frank W. Larned, and having been delivered to said Ella Benscoter by said Larned without value, and to cover up and conceal his (Larned's) embezzlement, cannot be held by Ella Benscoter as a valid obligation against Watkins.

That is affirmed.

3. The plaintiff is entitled to the relief prayed for in the bill.

That is affirmed.

A decree was entered accordingly, and defendant appealed.

*Errors assigned* were the findings of facts and conclusions of law and the decree of the court.

*J. Q. Creveling,* with him *D. O. Coughlin,* for appellant, cited: Lerch v. Bard, 162 Pa. 307; Wolfgang v. Shirley, 239 Pa. 408.

*Granville J. Clark,* for appellee, not heard.

PER CURIAM, May 5, 1919:

The facts in this case are not in dispute, and the decree is affirmed on the first and second correct legal conclusions of the learned chancellor below, announced at the request of the plaintiff.

Appeal dismissed at appellant's costs.